## EL SERENO NEIGHBORHOOD ACTION COMMITTEE;  et al., Plaintiffs–Appellees,

**Efren Moreno;  et al., Intervenors–Appellants,**

v.

## CALIFORNIA TRANSPORTATION COMMISSION;  et al., Defendants.

**No. 02–56320.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 1, 2004.\*

Decided Nov. 5, 2004.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM \*\*

The City of Alhambra and individual residents of Alhambra (collectively "Al-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

hambra"), appeal the denial of their motions to intervene as of right and permissively and for reconsideration of the denial of their motion to intervene. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Alhambra filed its motion to intervene both as of right and permissively in January 2002. The district court ruled that Alhambra's motion to intervene was untimely because it was filed seven years after initiation of the underlying lawsuit in 1995 and four years after completion of U.S. Department of Transportation's Record of Decision in 1998. Timeliness is the threshold requirement for intervention. *See League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir. 1997). Because the district judge did not abuse her discretion in ruling Alhambra's motion was untimely, the motion to intervene was properly denied.

Alhambra filed a motion for reconsideration of the denial of the motion for intervention on July 17, 2002. The district judge's conclusion that she did not have jurisdiction to entertain the motion to reconsider was incorrect. *See* Fed. R.App. P. 4(a)(4)(B)(i); *Stone v. INS,* 514 U.S. 386, 402–03, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). However, Alhambra failed to explain why it did not present the evidence supporting its motion for reconsideration earlier in the proceedings. *See Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000). Alhambra also failed to demonstrate that this evidence would have changed the district court's ruling on its motion to intervene. *See Jones v. Aero/Chem Corp.,* 921 F.2d 875, 878 (9th Cir.1990) (per curiam). As a result, the motion for reconsideration was properly denied.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.